Houck, J.
This is an appeal case, and was heard to this court upon the evidence. The plaintiffs pray, for an injunction perpetually enjoining, the defendant from collecting certain assessments levied on the property of each of the plaintiffs herein by reason of the construction of a certain sewer in the street running along the properties of the plaintiffs.
It is claimed by the plaintiffs that the construction of the sewer in question was done at a cost in excess of that provided in the plans and specifications, and that thereby the defendant is estopped from collecting said assessments. It is not claimed by counsel for plaintiffs that there was any irregularity in the proceedings of the defendant as to the plans and specifications or construction of said *453 sewer. The evidence in this case clearly shows that the sewer is not only a drainage but a sanitary sewer, and that' it was constructed by the defendant with these two objects in view. ‘In other words, the sewer in question is what may be termed a combination sewer, and may be used for drainage> sanitary and possibly other purposes. We further find from the evidence that the plaintiffs have been and. are substantially benefited by the construction of this sewer, if permitted to use it not only for drainage but for sanitary purposes. The evidence clearly establishes the fact that the cost of constructing the sewer in question for drainage purposes would be- about 70 per cent, of the .assessments sought to be levied on the properties of plaintiffs for such construction, while 30 per cent, of said assessments would be cost of construction for sanitary purposes.' We do not think it equitable, as between the parties hereto, that .the plaintiffs should be compelled to pay the entire cost of the sewer in question, or be required to pay the full amount of such assessment's, until they are permitted to use 'it for all of the purposes for which it was constructed.
In view of the facts, as clearly established by the evidence in this case, and the law applicable to those facts, we are of the opinion that a permanent injunction should be allowed as to 30 per cent, of the assessments levied upon the properties of each and all of the plaintiffs, and a permanent injunction refused as to 70 per cent, of such assessments, and in case defendant furnishes an outlet for sanitary sewerage purposes within two years from April 1, 1917, the 30 per cent, to become effective, *454 otherwise the injunction as to the'30 per cent, to stand. Defendant to pay costs.

Decree and judgment accordingly.

Alt .read, J. (of the Second District, sitting in place of Powell, J.), concurs.
Shields, J., not participating.